**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:


GUOT DUT,
AJAK CHOL, and
PAULINO CHOL
on their own behalf and
on behalf of all others similarly situated,

Plaintiffs,

v.

OCULUS SYSTEMS SECURITY, LLC, and
ERIC DANKS

Defendants.

_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

_____

Plaintiffs Guot Dut, Ajak Chol, and Paulino Chol, by and through undersigned

counsel, file this Class and Collective Action Complaint for Unpaid Wages on their own

behalf and on behalf of all others similarly situated against the above-named Defendants.


**<u>STATEMENT OF THE CASE</u>**

1.      Plaintiffs were formerly employed by Defendants to work long hours for low wages

in Defendants' security services business.

2.      This action concerns work performed between March 10 2016 and the present.

3.      Defendants failed to pay the Plaintiffs and others similarly situated all required

minimum and overtime wages for hours worked.

4.      Defendants failed to grant the Plaintiffs mandatory, compensated rest periods.

5.      Defendant Oculus Security Systems, LLC ("OSS" or "Oculus") unlawfully discriminated against the Plaintiffs who are brown skinned South Sudanese workers, misclassifying them as independent contractors, while it appropriately classified white workers born in the United States as employees.

6.      Defendant Oculus unlawfully retaliated against Plaintiff Paulino Chol for his protected activity in complaining about non-payment of overtime wages.

7.      Defendant Oculus wrongfully discharged Plaintiff Paulino Chol in violation of public policy in retaliation for his protected activity in reporting and opposing misclassification of security employees as independent contractors.

8.      Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, (and predecessor Wage Orders), the Colorado Wage Claim Act (the "CWCA"), C.R.S. § 8-4-101 *et. seq.* as implemented by the COMPS Order (and predecessor Wage Orders), and 42 U.S.C. § 1981.

9.      Defendants violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek.

10.     Defendants violated the COMPS Order because it requires employers to pay their employees not less than the applicable minimum wage for all hours worked.   Defendants also violated the COMPS Order because it requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek or beyond twelve in a given work day.  Defendants also violated the COMPS Order

(and predecessor Wage Orders) because they failed to authorize and permit compensated ten minute rest periods for each four hours worked.

11.     Defendants violated the CWCA, as implemented by the COMPS Order, because that Act requires employers to pay their former employees all wages or compensation earned, vested, determinable and unpaid at the time of their separation from employment.

12.     Defendant Oculus violated 42 U.S.C. § 1981 because it imposed a discriminatory pay system on the Plaintiff brown skinned South Sudanese workers, misclassifying them as independent contractors, while it appropriately classified white workers born in the United States as employees.

13.     Defendant Oculus violated the anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 215(a)(3) and 216(b) by discriminating against and discharging Plaintiff Paulino Chol in retaliation for his protected complaints.

14.     Defendant Oculus wrongfully discharged Plaintiff Paulino Chol in violation of public policy when it retaliated against him for reporting and opposing misclassification of security employees as independent contractors.

## PARTIES, JURISDICTION, AND VENUE

15.     Plaintiff Guot Dut was employed by Defendants from approximately December 7, 2019 through approximately December 4, 2020. Plaintiff Dut's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

16.     Plaintiff Ajak Chol was employed by Defendants from approximately February 14, 2020 through approximately June 2, 2020. Plaintiff Ajak Chol's FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 2.

17.     Plaintiff Paulino Chol was employed by Defendants from approximately January 10, 2020 through May 9, 2020. Plaintiff Paulino Chol's FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 3.

18.     Defendant Oculus Systems Security, LLC ("OSS" or "Oculus") is a Colorado Limited Liability Company with a principal business address of 6381 S. Brentwood, Littleton, CO 80123.

19.     Defendant Eric Danks is a natural person maintaining a principal residence at 6647 W. Weaver Ave., Littleton, CO 80123.

20.     Defendant Eric Danks is a member of Oculus Systems Security, LLC.  Management of Defendant Oculus is vested in its members.

21.     Defendant Danks was a founding member of Defendant Oculus.

22.     Defendant Danks is the registered agent of Defendant Oculus.

23.     Upon information and belief, Defendant Danks owns a controlling interest in Defendant Oculus.

24.     At times relevant to this action, Defendant Danks was the CEO of Oculus Systems Security, LLC.

25.     Defendant Danks is signatory to the employee handbook issued by Oculus to its employees.  That handbook purports to set policies concerning timekeeping and compensation.

26.     Upon information and belief, Defendant Danks established or had authority to establish the policies of Defendant Oculus governing timekeeping and compensation.

27.     On at least one occasion, Defendant Danks signed an Oculus Systems Security, LLC check to Plaintiff Paulino Chol to compensate him for lost wages.

28.     When the Colorado Department of Labor and Employment, Unemployment Insurance Division investigated Oculus for misclassification of employees as independent contractors, Defendant Danks responded to the government on Occulus' behalf and certified the truth of information Oculus submitted concerning its classification of security workers as independent contractors.

29.     Defendant Danks exercised control over the terms and conditions of Plaintiffs' and others' employment. For example, in May of 2020, following a Colorado Department of Labor and Employment audit, Defendant Danks directed Defendant Oculus to reclassify all misclassified independent contractors, including the Plaintiffs, as employees.  This order had a material effect upon the overtime wages offered to Plaintiffs and others thereafter.

30.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

31.     Plaintiffs request that this Court exercise its supplemental jurisdiction over their claims under the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 C.C.R. 1103-1, under the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq., and for the tort of wrongful discharge in violation of public policy.

32.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendants reside in the District of Colorado.

33.     Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

34.     Defendants employed the Plaintiffs and others similarly situated ("others"), in their Lakewood, Colorado-based security business.

35.     At all times relevant to this action, Defendants were engaged in providing security services to other commercial firms through the use of service employees who performed security work.

36.     Plaintiffs' job duties included patrolling the property of Oculus' customers, documenting damage to the property, communicating on-site issues, filing reports regarding their review of the property and monitoring security footage of the site.

37.     Defendants paid the Plaintiffs on an hourly basis.

38.     Plaintiffs did not own or operate independent security businesses, but rather were individuals employed to provide security services for Defendant's security business.

39.     Defendant Oculus scheduled, directed and controlled the Plaintiffs' work. Defendants required Plaintiffs to wear uniforms bearing the Oculus Systems Security logo.

40.     Defendants paid the Plaintiffs with checks written to their individual names, as Plaintiffs neither owned nor operated an independent business entity.

41.     The Plaintiffs and others regularly worked more than 40 hours per week for Defendants.

42.     Defendants failed to augment the regular rates of pay of the Plaintiffs and others to pay them overtime premiums for hours worked in excess of 40 in a given workweek.

43.     For example, in the biweekly pay period running from April 16, 2020 to April 30, 2020, Plaintiff Ajak Chol worked over 160 hours for Defendants.  He was paid for all such hours at the rate of $17.00 per hour.

44.     For example, in the biweekly pay period running from March 1, 2020 to March 15, 2020, Plaintiff Guot Dut worked over 164 hours for Defendants.  He was paid for all such hours at $17.50 per hour.

45.     For example, in the biweekly pay period running from February 1, 2020 to February 15, 2020, Plaintiff Paulino Chol worked over 147 hours for Defendants.  He was paid for all such hours at the rate of $17.00 per hour.

46.     The Plaintiffs and other security workers regularly worked more than 12 hours in a day for Defendants.

47.     Defendants failed to augment the regular rates of pay of the Plaintiffs and others similarly situated to pay them overtime premiums for hours worked in excess of 12 in a given work day.

48.     For example, on February 2, 2020, Plaintiff Paulino Chol worked over 14 hours for Defendants.  He was paid for all such hours at the rate of $17.00 per hour.

49.     Defendants failed to compensate the Plaintiffs and others similarly situated for all compensable time worked.

50.     For example, Defendants failed to compensate Plaintiffs and others similarly situated for time worked before they were permitted to punch in and begin recording their work.   Before each shift, Security Officers are required to review OSS's reporting system in order to know which site they are assigned to, events that occurred at that site within the past few weeks (referred to as "News"), and review the client's list of duties and expectations as they may change daily depending on the client's preferences (referred to as "Post Orders").  Security Officers' failure to review and follow the client's News and Post Orders will result in

immediate termination.  Plaintiffs and others similarly situated were not compensated for this compensable "pre-shift" time.

51.    For example, Defendants failed to compensate Plaintiffs and others similarly situated for time worked after the scheduled conclusion of their shifts, ordinarily twelve hours in duration.  The Plaintiffs and others similarly situated were under specific instructions not to cease working to secure the property of Oculus customers until their relief officer arrived to take their place.  They were advised that ceasing to work prior to the arrival of relief officers would result in termination.  Defendants did not compensate the Plaintiffs and others for this compensable "holdover" time worked after the scheduled conclusion of their shift.  Aware of these deficiencies in their timekeeping app, Defendants failed to rectify its exclusion of holdover time from the count of compensable hours.  This willful failure to record holdover time denied Plaintiffs and others payment of minimum and overtime wages for all hours worked.

52.    For example, Defendants did not authorize and permit compensated ten-minute rest periods for each four hours of work.  Because the Plaintiffs and others were required to maintain security services, working through their ten-minute rest periods, their shifts were effectively extended by 10 minutes for each four hours of duration. Defendants' failure to authorize and permit required, compensated, duty-free rest periods was a failure to compensate the Plaintiffs and others similarly situated.

53.    At all times relevant to this action, Defendants employed persons, including the Plaintiffs and others within the State of Colorado.

54.     At all times relevant to this action, Plaintiffs  and others performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiffs and others were to perform.

39.     Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

40.     Defendants employed the Plaintiffs and others in interstate commerce.

41.     Plaintiff Paulino Chol worked for Defendants from approximately January 10, 2020 through May 9, 2020.

42.     On or about April 19, 2020 Plaintiff Paulino Chol filed a complaint ("misclassification complaint") with the Colorado Department of Labor and Employment, Unemployment Insurance Division, which complaint challenged Defendant's misclassification of himself and others as independent contractors rather than employees, and Defendants' attendant failures to pay unemployment insurance premiums and overtime premiums.

43.     Defendant Oculus has a policy or practice of documenting written warnings issued to contractors and employees for violations of company rules and/or core values. Plaintiff Paulino Chol had received no such notices of employee warning prior to his May 9, 2020 termination by Oculus.   Prior to that date, Mr. Chol had received positive feedback from Oculus, regarding his work performance.

44.     By letter dated May 4, 2020, the Colorado Department of Labor gave Defendant Oculus notice of Mr. Chol's misclassification complaint.

45.     On May 7, 2020, Defendant Oculus sent a mass text message to security officers informing them that "there are massive schedule changes moving forward starting tomorrow 5/8/2020."

46.     In a statement submitted to the Colorado Department of Labor, Defendant Oculus stated that "It was found out in May of 2020 that Oculus received an audit from the Department of Regulatory Agencies due to Mr. Chol.  After all details were shared with the auditor, it was found that we had been misclassifying individuals as 1099, but though no maliciousness or malintent."

47.     By notice dated May 9, 2020, Defendant Oculus terminated Mr. Chol in retaliation for his misclassification complaint.  Mr. Chol's termination was effective May 11, 2020.

48.     In a meeting held on May 11, 2020, Oculus managers referenced Mr. Chol's misclassification complaint in explaining his termination to him.

49.     In an Employee Warning Notice dated May 11, 2020 Oculus managers explained Mr. Chol's termination by referencing his failure to educate Oculus about its own employee misclassification scheme before filing his misclassification complaint. According to the Employee Warning Notice, Mr. Chol was terminated, in part, for "[f]ailing to communicate potential illegal issues. We are in the security industry and must report all crimes, whether from public or internal."

50.     By email dated Friday May 15, 2020, Defendant Oculus announced to security officers that "effective today 5/15/2020 Oculus Systems LLC, will no longer be continuing with 1099 contractors. Effective immediately we will be transitioning all previous 1099

contractors to W2 employees per directive received from Eric Danks the CEO, and Matthew Guitar the COO… We are creating W2-salary agreements for all 1099's."

51.      As a result of his unlawful termination by Defendant Oculus, Mr. Chol has suffered lost wages and damages in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS

### Count I – Fair Labor Standards Act

52.      The named Plaintiffs bring their Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

>   All non-supervisory individuals who performed security work for Oculus Systems Security between March 10, 2018 and the present.

53.      The relevant time period dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

54.      All potential 216(b) Class Members are similarly situated because they worked for Defendants subject to common policies and practices which denied security workers required overtime premiums.

55.      Named Plaintiffs and those similarly situated have, at one or more times, worked overtime hours in excess of forty (40) in a workweek for Defendants as non-exempt workers.  Under § 207 of the FLSA, all overtime  hours are payable at a rate of not less than

one-and-one-half times the regular hourly rate.  Defendants failed to pay Plaintiffs at least time-and-a-half for each overtime hour worked. Upon information and belief, Defendants' unlawful pay practices have been maintained and applied for at least the last three years.

## CLASS ACTION ALLEGATIONS

56.     Plaintiffs assert Fed.R.Civ.P. 23(b)(3) class action counts on behalf of two distinct classes.

## Count II – Colorado Overtime & Minimum Pay Standards Order Class

57.     Plaintiffs Guot Dut and Ajak Chol bring their Count II claims pursuant to the COMPS Order 7 CRR 1103-1 and predecessor Wage Orders on behalf of a class preliminarily defined as:

> All non-supervisory individuals who performed security work for Oculus Systems Security between March 10, 2016 and the present.

## Count III - Colorado Wage Claim Act § 109 Former Employee Class

58.     Plaintiffs Guot Dut and Ajak Chol are former employees of Defendants.  They bring their Count III claims pursuant to C.R.S. § 8-4-109 on behalf of a class of former employees ("Former Employee Class") preliminarily defined as:

> All individuals formerly engaged by Defendants to perform security work, and who performed work between March 10, 2018 and the present.

59.     Plaintiffs and the classes they allege meet the applicable requirements of Fed. R. Civ. P. 23(a): the members of the class are too numerous to practicably join, claims of

individual class members originate from common questions of law and fact, named Plaintiffs pose claims typical and representative of the claims of the class, and they will fairly and adequately represent the class' interests.

60.     Because common questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3).  Plaintiffs are not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members to individually control the prosecution of this action, and there are no likely difficulties in managing a class action.

61.     While the exact number of the members of these Classes is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are over 100 individuals in each of the Classes.

62.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.   Whether Defendants failed to pay overtime compensation for all hours worked in excess of 40 per work week;

    b.   Whether Defendants failed to pay overtime compensation for all hours worked in excess of 12 per work day;

    c.   Whether Defendants failed to provide mandatory, duty-free, compensated rest breaks;

    d.   Whether pre-shift time spent reviewing information about the coming shift was compensable time;

e.  Whether post-shift holdover time spent waiting for one's replacement relief officer to arrive was compensable time; and

f.  Whether Defendants accurately recorded and compensated Plaintiffs' compensable time.

## COUNT I – Failure to Pay Weekly Overtime Premiums
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

63.  Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-55 above as if fully set forth herein.

64.  This Count is asserted by all Plaintiffs against all Defendants.

65.  This Count concerns work performed between March 10, 2018 and the present.

66.  Plaintiffs assert this claim on their own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

67.  Plaintiffs and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

68.  Defendants "employed" the Plaintiffs and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

69.  Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

70.  Defendants employed the named Plaintiffs and others in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

71.  Defendants violated the FLSA when they failed to pay the Plaintiffs and others similarly situated overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

72.    Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

73.    Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

74.    Plaintiffs and others are entitled to recover unpaid overtime premiums liquidated damages, attorney's fees and costs.  29 U.S.C. § 216(b).


**COUNT II – <u>Violation of Colorado Overtime and Minimum Pay Standards (COMPS) Order and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1</u>**

75.    Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-51 and 56-62 above as if fully set forth herein.

76.    Plaintiffs Guot Dut and Ajak Chol assert this Count against all Defendants on behalf of themselves and all others similarly situated:  a class preliminarily defined as:

All non-supervisory individuals who performed security work for Oculus Systems Security between March 10, 2016 and the present.

77.    Plaintiff Paulino Chol does not assert this Count.

78.    This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between March 10, 2016 and the present.

79.    Defendants were Plaintiffs' and others' "employers" as that term is defined by the COMPS Order because they suffered or permitted the Plaintiffs to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employees.  7 C.C.R. 1103-1¶ 1.6(A).

80.    Plaintiffs and others were Defendants' "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be

performed, and exercised control over the Plaintiffs, who performed the primary work of the employer.  7 C.C.R. 1103-1 ¶ 1.5(A).

81.     Defendants employed the Plaintiffs and others in a business engaged in providing security services to other commercial firms through the use of service employees who performed security work.

82.     Defendant employed the Plaintiffs and others in an industry regulated by Wage Orders # 32 through 35.  7 C.C.R. 1103-1 ¶ 2(B).

83.     Defendant employed the Plaintiffs and others in an industry regulated by COMPS Orders 36 and 37.

84.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiffs and others the applicable minimum wage for all time worked.  7 CCR 1103-1 ¶¶1.9, 3.1.

85.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiffs and others overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).

86.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiffs and others overtime premiums for hours worked over twelve in each given work day.  7 CCR 1103-1¶ 4.1.1(B).

87.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to authorize and permit the Plaintiffs and others to take compensated ten minute rest periods for each four hours (or major fractions thereof) worked.  7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

88.     As a result, the Plaintiffs and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

89.     Plaintiffs and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs.  7 C.C.R. 1103-1 ¶8.1(A).

**COUNT III – <u>Violation of Colorado Wage Claim Act C.R.S. § 8-4-109</u>**

90.     Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-51 and 56-62 above as if fully set forth herein.

91.     Plaintiffs Guot Dut and Ajak Chol assert this Count against all Defendants. Plaintiff Paulino Chol does not assert this Count.

92.     Plaintiffs Guot Dut and Ajak Chol are former employees of Defendants.  They bring their Count III claims pursuant to C.R.S. § 8-4-109 on behalf of a class of former employees preliminarily defined as:

> All individuals formerly engaged by Defendants to perform security work, and who performed work between March 10, 2018 and the present.

93.     This Count seeks the recovery of unpaid minimum and overtime wages and penalties arising from work performed between March 10, 2018 and the present.

94.     Defendants were Plaintiffs' and others' "employers" as that term is defined by the CWCA, because they suffered or permitted the Plaintiffs and others to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employees. C.R.S.§ 8-4-101(6).

95.     Plaintiffs and others were Defendants' "employees" as that term is defined by the CWCA, because they performed labor for the benefit of Defendants in which

Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs, who performed the primary work of the employer.  C.R.S. § 8-4-101(5).

96.     Defendants employed the Plaintiffs in a business engaged in providing security services to other commercial firms through the use of service employees who performed security work.

97.     Defendant employed the Plaintiffs in an industry regulated by Wage Orders # 34 and 35.  7 C.C.R. 1103-1 ¶ 2(B).

98.     Defendant employed the Plaintiffs in an industry regulated by COMPS Orders 36 and 37.

99.     The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiffs the applicable minimum wage for all time worked.  7 CCR 1103-1 ¶¶1.9, 3.1.  Defendants failed to make these payments.

100.     The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiffs overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).  Defendants failed to make these payments.

101.     The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiffs overtime premiums for hours worked over twelve in each given work day.  7 CCR 1103-1¶ 4.1.1(B).  Defendants failed to make these payments.

102.     The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendants to authorize and permit the Plaintiffs to take compensated ten-

minute rest periods for each four hours (or major fractions thereof) worked.  7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.  Defendants failed to permit or compensate such break time.

103.    Defendants failed to compensate the Plaintiffs and other similarly situated former employees for the earned, vested and determinable wages or compensation recited above at the time of their separation from employment. C.R.S. § 8-4-109.

104.    As a result, the Plaintiffs and others similarly situated have suffered lost wages and lost use of those wages in an amount to be determined at trial.

105.    Plaintiff and others similarly situated are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## COUNT IV – <u>Disparate Pay System</u><br><u>Violation of 42 U.S.C. § 1981</u>

106.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-51 above as if fully set forth herein.

107.    Plaintiffs Ajak Chol, Guot Dut and Paulino Chol assert this count against Defendant Oculus Systems Security, LLC on their own behalf.

108.    Plaintiffs are brown-skinned natives of South Sudan.

109.    Defendant misclassified Plaintiffs as independent contractors rather than employees.

110.    Defendant properly classified white citizens who performed the same job under the same conditions at the same time as employees.

111.    Defendant engaged in outrageous conduct.

112.    At all times relevant to this action, Plaintiffs were persons within the jurisdiction of the United States.  42 U.S.C. § 1981(a).

113.    Defendant impaired Plaintiffs' equal right to make and enforce contracts enjoyed by white citizens.  42 U.S.C. § 1981.

114.    Defendant violated Plaintiffs' rights under 42 U.S.C. § 1981.

115.    As a result, Plaintiffs suffered lost wages and excess taxation in an amount to be determined at trial.

116.    Plaintiffs are entitled to recovery of compensatory and punitive damages.

117.    Plaintiffs are entitled to recovery of attorney's fees and costs.

### COUNT V – <u>FLSA Unlawful Retaliation</u><br><u>Violation of 29 U.S.C. §§ 215(a)(3), 216(b)</u>

118.    Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-51 and 66-70 above as if fully set forth herein.

119.    Plaintiff Paulino Chol assert this Count against all Defendants.  Plaintiffs Guot Dut and Ajak Chol do not assert this Count.  This Count is not asserted as a 29 U.S.C. § 216(b) collective action.

120.    Plaintiff Paulino Chol worked for Defendants from approximately January 10, 2020 through May 9, 2020.

121.    On or about April 19, 2020 Plaintiff Paulino Chol filed a complaint ("misclassification complaint") with the Colorado Department of Labor and Employment, Unemployment Insurance Division, which complaint challenged Defendants' misclassification of himself and others as independent contractors rather than employees, and Defendants' attendant failures to pay unemployment insurance premiums and overtime

premises.   The questionnaire Mr. Chol submitted to the Colorado Department of Labor in support of his misclassification complaint stated, "I was paid hourly wage without overtime payment."

122.   Mr. Chol's filing of his misclassification complaint was an activity protected by 29 U.S.C. § 215(a)(3).

123.   Within five days after Defendants were given formal notice of Mr. Chol's misclassification complaint, Defendants terminated Mr. Chol in retaliation for his misclassification complaint.

124.   Mr. Chol's filing of his misclassification complaint was a motivating factor in Defendants' decision to terminated him.

125.   Mr. Chol's filing of his misclassification complaint was the but-for cause of his termination.

126.   By terminating Plaintiff Paulino Chol in retaliation for his complaint concerning misclassification denying him overtime premiums due under FLSA 29 U.S.C. § 207, Defendants violated the anti-retaliation provisions of the FLSA. 29 U.S.C. § 215(a)(3).

127.   Plaintiff is entitled to an award of compensatory and punitive damages.  29 U.S.C. § 216(b).

128.   Plaintiff is entitled to payment of lost wages and an additional equal amount as liquidated damages.  29 U.S.C. § 216(b).

129.   Plaintiff is entitled to an order of reinstatement.  29 U.S.C. § 216(b).

130.   Plaintiff is entitled to recovery of attorney fees and costs.  29 U.S.C. § 216(b).

### COUNT VI – Wrongful Discharge in Violation of Public Policy

131.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-51 above as if fully set forth herein.

132.     Plaintiff Paulino Chol asserts this Count against Defendant Oculus Systems Security, LLC.

133.     Plaintiffs Guot Dut and Ajak Chol do not assert this Count.

134.     Defendant Oculus employed Plaintiff Paulino Chol from approximately January 10, 2020 through May 9, 2020.

135.     Plaintiff Paulino Chol was employed in a position that implicated public safety.

136.     During his employment by Oculus, Defendant misclassified Plaintiff Paulino Chol and others similarly situated as an independent contractor and failed to pay the State of Colorado unemployment insurance premiums due on chargeable wages paid to Plaintiff Chol and others.  C.R.S. § 8-76-101(1).

137.      This action deprived Plaintiff Chol and others similarly situated from accruing recognized base period wages necessary for the receipt of unemployment insurance benefits.  C.R.S. §§ 8-73-104, 8-73-107(1)(e).

138.     This action deprived the State of Colorado of revenues in the form of properly assessed unemployment insurance premiums necessary to administer and provide unemployment insurance benefits to Colorado residents.

139.     The Colorado General Assembly has found and declared that:

(a) Misclassification of employees as independent contractors in violation of the "Colorado Employment Security Act" and, in particular, the provisions of article 70 of this title defining the employment relationship, may pose a significant problem in this state and leads to underpayment of employment taxes and premiums that employers are obligated to pay the state for covered employment;

(b) Businesses that misclassify employees gain an unfair competitive advantage over businesses that properly classify employees and pay appropriate taxes and premiums to the state;

(c) When employees are misclassified, the protections available to properly classified employees against economic insecurity are unavailable to those misclassified employees, and the stream of revenue that should be paid to the state to provide protections to misclassified employees is not available.

C.R.S § 8-72-114.

140.    To address this important issue of public welfare, the General Assembly mandated the establishment of an employee misclassification complaint mechanism within the Colorado Department of Labor and Employment.  C.R.S. § 8-72-114(3).

141.    To effectuate public access to the Colorado Department of Labor and Employment's statutorily-mandated complaint process, the General Assembly required that the Director "shall publicize the complaint process established in this section and its availability to those who have discovered misclassification of employees." C.R.S. § 8-72-114.

142.    Accrual of base period wages predicate to receipt of unemployment benefits is an important job-related right.

143.    Paying mandatory unemployment insurance premiums is a public duty.

144.     Failure to pay unemployment insurance premiums due on the chargeable wages of employees misclassified as independent contractors violates the Colorado Employment Security Act.  C.R.S. § 8-70-101, *et. seq.*

145.    The Colorado Employment Security Act is a specific statute relating to the public health and welfare.

146.    The General Assembly has clearly expressed a public policy relating to the employee's rights or privileges as a worker.  C.R.S. § 8-72-114.

147.     Failure to pay unemployment insurance premiums due on the chargeable wages of employees misclassified as independent contractors undermines a clearly expressed public policy relating to the employee's rights or privileges as a worker.

148.     Reporting misclassification of employees as independent contractors to the Colorado Department of Labor is a public duty.

149.     Colorado residents have a statutory right to report misclassification of employees as independent contractors to the Colorado Department of Labor.  C.R.S. § 8-72-114.

150.     Retaliatory discharge of employees for reporting the misclassification of themselves and others as independent contractors prohibits the discharge of a public duty, inhibits the exercise of an important job-related right and undermines a clearly expressed public policy relating both to the employee's basic responsibility as a citizen and to the employee's right or privilege as a worker.

151.     On or about April 19, 2020 Plaintiff Paulino Chol used the administrative complaint mechanism provided by C.R.S. § 8-72-114 to file a complaint ("misclassification complaint") with the Colorado Department of Labor and Employment, Unemployment Insurance Division, which complaint challenged Defendant's misclassification of himself and others as independent contractors rather than employees, and Defendant's attendant failures to pay unemployment insurance premiums.

152.     Within five days after Defendant Oculus was given formal notice of Mr. Chol's misclassification complaint, Defendant Oculus terminated Mr. Chol in retaliation for exercising his job-related statutory right and duty to file that complaint.

153.    Defendant Oculus terminated Mr. Chol in violation of a clearly expressed public policy.

154.    Mr. Chol's filing of his misclassification complaint was a motivating factor in Defendant Oculus' decision to terminated him.

155.    Mr. Chol's filing of his misclassification complaint was the but-for cause of his termination.

156.    Mr. Chol was terminated as the result of filing his misclassification complaint.

157.    Oculus was aware, or reasonably should have been aware, that Plaintiff Chol's conduct was based on his reasonable belief regarding the requirements of Colorado law relating to his rights and duties as a citizen and as a worker.

158.    Defendant Oculus' conduct and act were malicious, willful, wanton, and in reckless disregard of Plaintiff's rights and feelings.

159.    As a result of his unlawful termination, Mr. Chol has suffered lost wages and associated damages in an amount to be determined at trial.

160.    Plaintiff is entitled to recovery of compensatory damages.

161.    Plaintiff is entitled to recovery of consequential damages.


## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that:

As to their Count I claim brought under the FLSA, Plaintiffs respectfully requests an Order from the Court that:

> a.   This Count be certified to proceed as a collective action pursuant to 29 U.S.C. §216(b);

b.   Plaintiffs and others similarly situated be awarded unpaid overtime premiums;

c.   Plaintiffs and others similarly situated be awarded liquidated damages as required by law;

d.   Plaintiffs and others similarly situated be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

e.   Plaintiffs and others similarly situated be awarded such other and further relief as may be necessary and appropriate.

As to their Count II Claim brought under the Colorado Overtime and Minimum Pay Standards Order and predecessor Colorado Minimum Wage Orders,

a.   This Count be certified to proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b.   Plaintiffs and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due.  7 CCR 1103-1 ¶8.1(A).

c.   Plaintiffs and others be awarded such other and further relief as may be necessary and appropriate.

As to their Count III Claim brought under the Colorado Wage Claim Act, Plaintiffs respectfully request an Order from the Court that:

a.   This Count be certified to proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b.   Plaintiffs and others be awarded the unpaid balance of the full amount of minimum wages owed to them, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

c.   Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

As to their Count IV Claim brought under 42 U.S.C. § 1981, Plaintiffs respectfully request an Order from the Court that:

a.   Plaintiffs be awarded compensatory damages.

    b.   Plaintiffs be awarded punitive damages.

    c.   Plaintiffs be awarded attorney's fees and costs.

    d.   Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

As to his Count V Claim brought under the anti-retaliation provisions of the FLSA 29 U.S.C. §§ 215(a)(3) and 216(b), Plaintiff Paulino Chol respectfully requests an Order from the Court that:

    a.   He be awarded compensatory damages;

    b.   He be awarded punitive damages;

    c.   He be awarded lost wages and an additional equal amount as liquidated damages.  29 U.S.C. § 216(b);

    d.   He be ordered reinstated to his employment by Defendants.  29 U.S.C. § 216(b); and

    e.   He be awarded attorney's fees and the costs of suit.  29 U.S.C. § 216(b).

As to his Count VI Claim brought under the common law of Colorado for the tort of wrongful discharge in violation of public policy, Plaintiff Paulino Chol respectfully requests an Order from the Court that:

    a.   He be awarded compensatory damages; and

    b.   He be awarded consequential damages.

                  Respectfully Submitted,

                  ***/s/ Andrew H. Turner***
                  Andrew H. Turner
                  MILSTEIN TURNER, PLLC
                  2400 Broadway – Suite B
                  Boulder, CO. 80304

303-305-8230
303-957-5754(fax)
andrew@milsteinturner.com

*Counsel for Plaintiffs*